

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONTA ROLANDA HARRIS A/K/A DONTE ROLNDO HARRIS, Petitioner, | ) ) ) ) | Civil Action No. 7:07cv00025 |
| v. | ) ) ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, Respondent. | ) ) | By: Hon. Norman K. Moon United States District Judge |

Petitioner Donta Rolando Harris A/K/A Donte Rolando Harris, a federal inmate proceeding pro se, has filed a document that he styles as a "commercial affidavit of truth" which the court will construe as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, because he seeks to challenge the validity of his conviction for conspiring to escape federal custody, in violation of 18 U.S.C. § 371(f). However, Harris' motion is barred by the one-year state of limitations for filing a § 2255 motion. Accordingly, the court dismisses his motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1]

I.

On June 29, 2004, Harris pled guilty to conspiring to escape federal custody. This court entered a final judgment in his criminal case on September 22, 2004, sentencing him to 27 months in prison, to run consecutive to another federal sentence he was already serving, followed by three years of supervised release. Harris did not pursue a direct appeal on the final judgment in his criminal case. On December 15, 2006, Harris submitted the instant motion.[2] In his § 2255 motion,

---

[1] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it plainly appears from the face of the motion, the annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief.

[2] The court received and docketed his motion on January 12, 2007. However, an inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th

Harris appears to claim that his conviction is unlawful because the court did not have jurisdiction over him under the Commerce Clause.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255, sixth unnumbered paragraph. For purposes of the one-year limitations period for filing motions to vacate, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). If the defendant does not appeal the trial court's final judgment, as in this case, the conviction becomes final ten (10) business days after entry of final judgment when petitioner's opportunity to appeal expires. See id.; Fed. R. App. P. 4(b). Accordingly, Harris' conviction became final on October 6, 2004, ten business days after entry of the final judgment in his criminal case, and he had until October 6, 2005 to file a timely § 2255 motion. Harris did not file his § 2255 motion until after December 15, 2006, more than one year after his conviction became final.

Harris makes no comprehensible argument as to why his motion was late. Therefore the court finds no evidence that Harris was prevented from filing a timely § 2255 motion. Furthermore, Harris has failed to allege any facts to show any other circumstances that would toll the statute of

---

Cir. 1991). Therefore, for purposes of the statute of limitations, even if the court assumes that Harris submitted his motion to prison officials the same day he signed it, it is still untimely filed.

limitations. Accordingly, the court finds Harris' § 2255 motion untimely.

### III.

For the reasons stated, the court dismisses Harris' § 2255 motion to vacate, set aside, or correct his sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 1st day of ~~February~~ March, 2007.

_____
United States District Judge